United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 06, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 25-32333** |
| **GEORGE VUCKOVICH, III,** | § | |
| | § | **CHAPTER 13** |
| Debtor. | § | |
| | § | |
| **NEURNETICS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 25-3616** |
| | § | |
| **GEORGE VUCKOVICH, III,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

NeurNetics LLC moves for partial summary judgment against George Vuckovich, II with respect to Counts I and V of the Complaint. Count I is a claim for breach of fiduciary duty. Count V seeks to except the debt resulting from Count I from discharge under §§ 523(a)(4) and (a)(6) of the Bankruptcy Code.

For the reasons stated below, summary judgment is denied.

## BACKGROUND

Plaintiff NeurNetics LLC is a Delaware limited liability company formed in 2021. NeurNetics is a lead generation business for personal loan marketing. John T. Foire was the manager of NeurNetics with a 51% membership interest. Defendant Vuckovich owned a 49% membership interest.

In May 2021, Vuckovich hired his friend, Aaron Simmons, as an independent contractor for NeurNetics. ECF No. 29-4 at 135, 136.

1 / 6

Simmons built NeurNetics's website "LoanBoo.com" which collected potential borrower information.  ECF No. 29-4 at 28, 42–43.  In May 2022, Simmons's employment with NeurNetics ended.

The following month, Vuckovich and Simmons formed Phoenix Digital Marketing, LLC.  ECF No. 29-4 at 53.  Phoenix operated the website "LoanPeace.com".  According to NeurNetics, LoanPeace's website used a substantially similar source code and included the LoanBoo logo.  ECF No. 29-4 at 61, 151.  Nearly all of Phoenix's customers were NeurNetics customers.  ECF No. 29-4 at 146.  Vuckovich did not tell Foire about the Phoenix business.  ECF No. 29-4 at 151.  During this time, NeurNetics's income declined.  ECF No. 29-4 at 155.

In 2023, Vuckovich and Simmons started working at Clicksburgh, LLC, another lead generation business.  ECF No. 29-4 at 50.  Each owned a 10% interest in Clicksburgh through their interests in Phoenix.  ECF No. 29-4 at 58.

In January 2024, Vuckovich left NeurNetics.  ECF No. 29-4 at 107.  In January 2025, NeurNetics sued Vuckovich in federal district court in Virginia.

On April 30, 2025, Vuckovich filed for relief under chapter 13 of the Bankruptcy Code.  NeurNetics then filed an adversary proceeding in this Court based on the lawsuit pending in Virginia.

On December 8, 2025, the Court held an evidentiary hearing as to whether Vuckovich's chapter 13 case should be dismissed as a bad faith filing.  The case was not dismissed at that time.  Vuckovich, Simmons, and Foire were present and testified under oath as to the factual allegations in this proceeding.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b).  The Court has constitutional authority to enter final orders and judgments.  *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (incorporated by FED. R. BANKR. P. 7056). A dispute on a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views all facts and evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

## DISCUSSION

### I. BREACH OF FIDUCIARY DUTY

NeurNetics was formed in Delaware, so the claim for breach of fiduciary duty is governed by Delaware law.[1] Case No. 25-32333, ECF No. 80-21 at 1. Under Delaware law, a breach of fiduciary duty claim requires: (1) that a fiduciary duty existed, and (2) that the defendant breached the duty. *McKenna v. Singer*, No. 11371-VCMR, 2017 WL 3500241, at *15 (Del. Ch. July 31, 2017).

Managers of a Delaware limited liability company owe traditional duties of loyalty and care to the LLC and to its members. *William Penn P'ship v. Saliba*, 13 A.3d 749, 756 (Del. 2011). A member generally does not owe fiduciary duties to the LLC. However, a member may owe fiduciary duties if he exercises managerial functions or stands in a fiduciary relationship to the LLC. *See Feeley v. NHAOCG, LLC*, 62 A.3d 649, 662–63 (Del. Ch. 2012).

There is a factual dispute as to whether Vuckovich exercised managerial functions and therefore owed fiduciary duties to NeurNetics. On the one hand, NeurNetics's operating agreement vests Foire as sole manager:

---

[1] Under the internal affairs doctrine, the law of the state of incorporation determines issues relating to internal corporate affairs. *McDermott Inc. v. Lewis*, 531 A.2d 206, 215 (Del. 1987).

> Management of the Company shall be vested in the Manager (the "Manager").  The Members agree that Foire shall serve as the Manager of the Company.  In the event Foire dies, becomes Disabled, resigns as Manager, or ceases to be a Member of the Company, Vuckovich shall serve as the Manager.

Case No. 25-32333, ECF No. 80-21 at 12.  On the other hand, Vuckovich testified under oath that he was a manager of NeurNetics from 2021–2024.  ECF No. 24-9 at 145. Vuckovich's role consisted of developing relationships with NeurNetics's partners.  ECF No. 29-4 at 104.  The factual record needs further development as to the extent of Vuckovich's control over NeurNetics's affairs for the breach of fiduciary duty claim.

Because there are unresolved factual disputes that pertain to the managerial issue, summary judgment is denied as to the breach of fiduciary duty claim.

## II.   EXCEPTION TO DISCHARGE UNDER § 523 OF THE BANKRUPTCY CODE

Section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."  NeurNetics specifically pleads defalcation under § 523(a)(4). Defalcation must occur within a pre-existing fiduciary relationship.  *See In re Rifai*, 604 B.R. 277, 323 (Bankr. S.D. Tex. 2019).  The concept of fiduciary under § 523(a)(4) is construed narrowly, applying only to technical or express trusts.  *Texas Lottery Comm'n v. Tran (In re Tran)*, 151 F.3d 339, 342 (5th Cir. 1998).  Technical or express trusts are not limited to formal trust arrangements and "includes relationships in which trust-type obligations are imposed pursuant to statute or common law."  *LSP Inv. P'ship v. Bennett (In re Bennett)*, 989 F.2d 779, 785 (5th Cir. 1993); *see, e.g.*, *Moreno v. Ashworth (In re Moreno)*, 892 F.2d 417, 421 (5th Cir. 1990) (affirming an exception to discharge under § 523(a)(4) because officer of a corporation breached his fiduciary duties owed to the corporation and its shareholders).  State law defines those trust-like obligations.  *Bennett*, 989 F.2d at 785.

Here, NeurNetics has not established as a matter of law that Vuckovich owed it fiduciary obligations required by § 523(a)(4). As explained above, Delaware law generally imposes fiduciary duties on managers, not members of manager-managed LLCs. Vuckovich's exercise of managerial functions is a factual issue reserved for trial. The resolution of that issue will determine whether he owed trust-like obligations within the meaning of § 523(a)(4).

Summary judgment is denied as to the § 523(a)(4) claim.

Section 523(a)(6) exempts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." An injury is willful and malicious "where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *See Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir. 1998). In *Miller*, the Fifth Circuit held that a debtor who disclosed trade secrets and proprietary information to a competitor may be precluded from obtaining a discharge on a debt if the debtor's "actions were at least substantially certain to result in injury." *Id.* at 601, 606.

Vuckovich, while affiliated with NeurNetics, formed a competing business with Simmons. Vuckovich did so without informing Foire. Vuckovich diverted business relationships to that competing business. The Record reflects that Vuckovich introduced Simmons to NeurNetics's business partners. ECF No. 24-9 at 155. Indeed, at least 90% of Phoenix's customers were NeurNetics's customers. ECF No. 24-9 at 144. Further, Phoenix's webpage used a substantially similar source code to NeurNetic's webpage source code. Simmons testified that he copied LoanBoo's source code into a GitHub repository and modified it for Phoenix's website. ECF No. 24-9 at 62.

These allegations, if proven, could support a finding that Vuckovich's actions were substantially certain to injure NeurNetics. However, whether Vuckovich's conduct satisfies that standard requires weighing the evidence. The Court must assess the evidence and the credibility of witnesses at trial.

Summary judgment as to the § 523(a)(6) claim is denied.

## CONCLUSION

A separate order will be entered.


SIGNED 08/06/2026

_____
Marvin Isgur
United States Bankruptcy Judge